Ruffin, C. J.
 

 The bill was filed on the 5th day o^ September, 1851, and states, that, at the public sales in 1838, the defendant purchased from the State two adjoining tracts of land in Cherokee County, containing together 265 acres, and that, before he had fully paid for them, he contracted on the 8th of January, 1848, with the plaintiff to sell them to him for the sum of $600, over and above the residue of the purchase' money due to the State, and that the plaintiff paid the defendant the sum of $300 down and gave him his bond for the remaining sum of $300, and the defendant transferred to the' plaintiff the survey and Commissioners’ certificate, with authority to receive
 
 *305
 
 the grant from the State, upon payment by the plaintiff, of the remainder of the purchase money, the [and being particularly described by miles and bound in the survey: That the defendant had cleared a field, containing about fifteen, acres, and had erected thereon a dwelling house and made ether improvements, and that the same were worth between two or three hundred dollars and that during the treaty, the defendant represented that the said houses and improvements were included in the survey and land, so purchased from the State, and the plaintiff made the purchase under the belief, that they were included, and would belong to him, accordingly, upon the conclusion of the bargain, the defendant removed and delivered the possession to the plaintiff as well of the dwelling house and other improvements and the cleared field of fifteen acres, as of the ether parts of the land, and the plaintiff entered into the whole, as one pureftaseu The bill further states, that the defendant knew, at the time of the treaty and sale, that his purchase from the State did not include that field and his improvements thereon, but -that it still belonged to the State, and that his representations on that point were false and fraudulent, as the plaintiff afterwards discovered, and that he commenced an action at law in the Superior Court of Cherokee against the defendant for the deceit, but was unable to prosecute it successfully, by reason that the defendant had removed '•over the line into Georgia, so that the writ could not be served : That the plaintiff had paid a part of his bond, but that a balance of «f 182 remained due thereon, for which judgment had been taken at law just before the filing of this bill, and that the sum was insufficient to make good to the plaintiff the loss sustained by him, by reason of not •getting a good title to the houses and other improvements mentioned. The prayer is, that the plaintiff may be relieved by a deduction from the purchase money, and to
 
 *306
 
 that end for an injunction against proceeding on the judgment at law. Upon this bill, an injunction was granted, and, at the first term of the Court of Equity, the defendant demurred for want of equity, and because the plaintiff had a remedy at law by action of deceit, and because-more than three years had expired, before the bill filed, and therefore the statute of limitations was a bar. The demurrer was set down by the parties for argument at the next term, and then the defendant’s counsel moved to-dissolve the injunction. The Court disallowed the motion, and the defendant by leave appealed.
 

 The ground of his Honor’s decision is not stated in the transci ipt. But it. appears to the Court that there are several grounds, on which it is correct. No doubt an injunction, which has been irregularly obtained, may be discharged on motion, for that cause. But it appears to be the course of the Court, not to receive the motion to dissolve an injunction, until the defendant has filed his answer. 1.
 
 Smith’s ch., p.
 
 615. At all events, such a motion ought not to be entertained, after a general demurrer has been set down for argument and before the argument There is an obvious inconsistency in such a course ; for the motion to dissolve must be founded on the defects and insufficiency of the bill itself, and therefore it involves precisely the same questions of equity, which must arise on the demurrer when brought on for argument and decision. It is, therefore, an attempt to obtain by the summary action, on a motion, a declaration of the Court, as to the equity between the parties, which is to come up again for solemn determination on the demurrer. It is plain, that the decision of the motion involves the whole merits of the controversy, and where the defendant has chosen to put that in issue by demurrer, he ought not to ask the Court to anticipate the decision by a summary step, which would necessarily commit the Court, upon
 
 *307
 
 the points made by the demurrer. As a matter of pi'actice, therefore, the Court might properly have refused to hear the motion. But on the merits, the injunction ought to have been continued, even if the motion to dissolve were entertained. Taking the bill to be true, there was both a fraud and a failure in the consideration, for which the plaintiff gave his bond, in respect of the land and improvements, not embraced in the defendant’s purchase, from the State, whieh entitled the plaintiff, in a Court of Equity, to ask, perhaps for the rescinding of the contract altogether, or at all events for reforming it, by abatement from the purchase money, to the value of the portion thus lost by him. Admitting, that he might recover damages in an action at law for the deceit, yet that would not impair his right to equitable relief, since that and the legal remedy are not of the same nature, but the latter may be and generally is, that the vendor cannot with a good conscience coerce the payment of the whole purchase money, and leave the vendee to pursue a personal action at law for the uncertain damages, which a jury might assess for the fraud in selling what did not belong to the vendor, but, on the contrary, the vendee has the right of withholding so much of the purchase money, because to that extent the consideration has failed, as a security in his own hands against the loss impending over him. That being the ground and nature of the relief in equity, it is plain that the statute of limitation has nothing to do with the matter, as long as the contract remains unexecut-ed in the view of the Court of Equity, by reason that part of the purchase money is unpaid and the plaintiff seeks compensation thereout. There was therefore no error in the interlocutory order appealed from, and the defendant must pay the costs in this Court.
 

 Per Curiam. Ordered to be certified accordingly.